IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-03272-BNB

JIMMY JOSEPH PACHECO,

    Applicant,

v.

TRAVIS TRANI, Warden of ACC, and
JOHN W. SUTHERS, The Attorney General of the State of Colorado,

    Respondents.

ORDER OF DISMISSAL

    Applicant, Jimmy Joseph Pacheco, is a prisoner in the custody of the Colorado Department of Corrections (DOC) and is currently incarcerated at the Arrowhead Correctional Center in Canón City, Colorado.  Mr. Pacheco has filed an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254.  He challenges the validity of his conviction and sentence imposed in Jefferson County District Court Case No. 03cr3258.  Mr. Pacheco has paid the $5.00 filing fee.

    In a January 24, 2012 Order, Magistrate Judge Boyd N. Boland directed Respondents to file a pre-answer response addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A).  On February 8, 2012, Respondents submitted a pre-answer response.  Mr. Pacheco filed a reply on February 28, 2012.

    The Court must construe liberally the Application filed by Mr. Pacheco because he is not represented by an attorney.  See *Haines v. Kerner*, 404 U.S. 519, 520-21

(1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not act as an advocate for a *pro se* litigant.  See *Hall*, 935 F.2d at 1110.  For the reasons stated below, the Court will dismiss the Application as time-barred.

**I.  Background and State Court Proceedings**

Mr. Pacheco was convicted pursuant to his guilty plea of sexual assault on a child in Jefferson County District Court Case No. 03cr3258.  Application, at 2.  On June 18, 2004, he was sentenced to serve an indeterminate prison term of four years to life with the DOC.  (Doc. No. 10-1, at 8 of 11).  Applicant did not file a direct appeal of his conviction or sentence.

On June 11, 2007, Mr. Pacheco filed a request for extension of time to file a motion for post-conviction relief, which was not ruled on by the state trial court.  (*Id.*)  He filed a motion for post-conviction relief pursuant to Colo. Crim. P. Rule 35(c) on February 4, 2009.  (*Id.*).  The trial court denied the motion on February 24, 2009.  (*Id.* at 9 of 11).  The Colorado Court of Appeals affirmed the trial court's order in *People v. Pacheco*, No. 09CA0568 (Colo. App. Dec. 2, 2010) (unpublished opinion).  (Doc. No. 10-6).  The Colorado Supreme Court denied Applicant's petition for certiorari review on September 12, 2011.  (Doc. No. 10-8).

Mr. Pacheco initiated this action on December 13, 2011.  He claims that the state trial court lacked jurisdiction to convict and sentence him.  Respondents argue that the Application is barred by the one-year limitation period in 28 U.S.C. § 2244(d).  Respondents further contend that Mr. Pacheco procedurally defaulted his claim in the state courts which precludes federal habeas review.

**II.  AEDPA Time Bar**

Respondents argue that the Application is action is untimely under the one-year limitation period set forth in 28 U.S.C. § 2244(d)(1).  Section 2244(d) provides as follows:

> (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of–
>
> > (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2)  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Mr. Pacheco's conviction became final on August 2, 2004, forty-five days after he was sentenced.  *See* Colo. App. R. 4(b)(1) (granting criminal defendant forty-five days to file an appeal).  Accordingly, the statute began to run on August 3, 2004.  *See United States v. Hurst*, 322 F.3d 1256, 1261-62 (10th Cir. 2003) (one-year limitation period commences the day after expiration of the time for seeking review).  The statute

continued to run unabated until the one-year period expired on August 2, 2005. Mr. Pacheco did not file any post-conviction motions during that period to toll the statute. The motions filed by the Applicant on June 11, 2007, and February 4, 2009, are not relevant to the timeliness of his federal application. *See Clark v. Oklahoma*, 468 F.3d 711, 714 (10th Cir. 2004) ("Only state petitions for post-conviction relief filed within the one year allowed by AEDPA will toll the statute of limitations."); *Fisher v. Gibson*, 262 F.3d 1135, 1142–43 (10th Cir. 2001) (same). Accordingly, Mr. Pacheco's Application is time-barred unless equitable tolling applies.

### III. Equitable Tolling

The one-year limitation period in 28 U.S.C. § 2244(d) is not jurisdictional and may be tolled for equitable reasons "in rare and exceptional circumstances." *Gibson*, 232 F.3d at 808 (internal quotation marks omitted); *see also Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998). Equitable tolling may be appropriate if (1) the petitioner is actually innocent; (2) an adversary's conduct or other extraordinary circumstance prevents the petitioner from timely filing; or (3) the petitioner actively pursues judicial remedies but files a defective pleading within the statutory period. *See Holland v. Florida*, 130 S.Ct. 2549, 2562 (2010); *Gibson*, 232 F.3d at 808. Simple excusable neglect is not sufficient to support equitable tolling. *Gibson*, 232 F.3d at 808. Furthermore, equitable tolling is appropriate only if the petitioner pursues his claims diligently. *Miller*, 141 F.3d at 978. The petitioner must "allege with specificity 'the steps he took to diligently pursue his federal claims.'" *Yang v. Archuleta*, 525 F.3d 925, 930 (10th Cir.2008) (quoting *Miller*, 141 F.3d at 978)). Mr. Pacheco bears the burden of

demonstrating that equitable tolling is appropriate in this action.  *See id.*

Mr. Pacheco does not allege any facts in his Reply to demonstrate that extraordinary circumstances prevented him from filing his § 2254 Application within the one-year limitation period.   Indeed, he does not respond specifically to the Respondent's argument that his Application is time-barred.

**IV.  Conclusion**

Having reviewed Mr. Pacheco's allegations, the Court finds that he has failed to assert any basis for equitable tolling.  Therefore, under 28 U.S.C. § 2244(d), he is time-barred from filing a federal habeas corpus action in this Court.  Because the Application is clearly untimely, the Court need not reach Respondents' argument that Mr. Pacheco procedurally defaulted his claim in the state courts such that the claim is barred from federal habeas review.

Finally, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal.  *See Coppedge v. United States*, 369 U.S. 438 (1962).  If Applicant files a notice of appeal he must also pay the full $455 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.  Accordingly, it is

ORDERED that the habeas corpus application is denied and the action is dismissed as barred by the one-year limitation period in 28 U.S.C. § 2244(d).  It is

FURTHER ORDERED that no certificate of appealability shall issue because Mr. Pacheco has not made a substantial showing that jurists of reason would find it debatable whether the procedural ruling is correct and whether the underlying claim has constitutional merit. It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied.

DATED at Denver, Colorado, this   20th   day of    March        , 2012.

BY THE COURT:


   s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court